Amy B. Spiller-0047277
Attorney for Plaintiffs
Duke Energy Ohio, Inc. and
Cinergy Risk Solutions, LTD.

## IN THE COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

| | |
|---|---|
| Duke Energy Ohio, Inc.<br>139 E. Fourth Street<br>Cincinnati, Ohio 45202 | Case No. A0704059<br><br>Judge _____ |
| Cinergy Risk Solutions, LTD<br>126 College Street, Suite 400<br>Burlington, VT 05401 | **COMPLAINT** |
| v. | |
| ABB, Inc.<br>501 Merritt 7<br>P.O. Box 5308<br>Norwalk, Connecticut 06856 | COPY FILED<br>CLERK OF COURTS<br>HAMILTON COUNTY<br><br>MAY - 4 2007<br><br>GREGORY HARTMANN<br>COMMON PLEAS COURTS |
| Statutory Agent:<br>C T CORPORATION SYSTEM<br>One Corporate Center, Floor 11<br>Hartford, CT 06103-3220 | |

..................................................................

Come now Plaintiffs, Duke Energy Ohio, Inc. (Duke Energy) and Cinergy Risk Solutions, LTD (CRS), by and through counsel, and for their Complaint against ABB, Inc. (ABB), hereby state as follows:

1. At all times relevant, Duke Energy was an Ohio corporation having a principal place of business at 139 E. Fourth Street, Cincinnati, Hamilton County, Ohio. Duke Energy was formerly known as The Cincinnati Gas & Electric

209745

Company, which was also an Ohio corporation having its principal place of business at 139 E. Fourth Street, Cincinnati, Hamilton County, Ohio.

2. At all times relevant, Duke Energy was a subsidiary of Cinergy Corp.

3. At all times relevant, CRS was a corporation existing under the laws of Vermont. CRS is a dissolved corporation bringing this action in order to wind up its affairs.

4. At all times relevant, CRS was an insurance company insuring general liability and property-related exposures for Cinergy subsidiaries, including Duke Energy. The insuring documents are not attached hereto given their voluminous nature.

5. Upon information and belief, at all times relevant, ABB was a corporation existing under the laws of Delaware, having its principal place of business at 501 Merritt 7, Norwalk, Connecticut.

6. Upon information and belief, at all times relevant, ABB was engaged in the business of manufacturing power and automation products, including circuit breakers.

7. Duke Energy is engaged in the business of electric generation and distribution in, among other counties, Hamilton County, Ohio.

8. Duke Energy operates the Miami Fort Generating Station (Miami Fort), 11001 Brower Road, North Bend, Ohio. Miami Fort Unit 7 is owned jointly by

Duke Energy and The Dayton Power & Light Company (DP&L). Under an operating agreement between Duke Energy and DP&L, Duke Energy is responsible for operating and maintaining Miami Fort and taking all necessary courses of action relating thereto for the benefit of its own interest and as the agent for DP&L as to its interest. This action, therefore, if being brought by Duke Energy on its own behalf and as the representative of DP&L as to any interests it may have in this action.

9. Upon information and belief, ABB manufactured a circuit breaker identified as CB 1405. Duke Energy purchased the circuit breaker from ABB pursuant to a contract or purchase order. The contract or purchase order is not attached hereto given its voluminous nature.

10. The circuit breaker purchased by Duke Energy from ABB was installed in a 571 MVA transformer at Miami Fort.

11. On or about May 6, 2005, the circuit breaker failed, causing a failure in the transformer and other damages.

12. As a direct result of the transformer failure at Miami Fort, Duke Energy incurred significant losses and damage. CRS has reimbursed Duke Energy for a portion of the losses, thereby becoming subrogated as to those payments so made.

## COUNT ONE – NEGLIGENCE

13.  Plaintiffs reallege and incorporate by reference, as if fully rewritten herein, their allegations contained in Paragraphs 1 – 12 above.

14.  ABB owed a duty to Plaintiffs to manufacture the circuit breaker and/or assemble the circuit breaker in a careful, prudent, and non-negligent manner.

15.  ABB owed a duty to Plaintiffs to manufacture the circuit breaker and/or assemble the circuit breaker in a manner that was not likely to result in harm to the transformer or other property.

16.  ABB owed a duty to Plaintiffs to manufacture the circuit breaker and/or assemble the circuit breaker in a manner that did not create a dangerous condition or increase the risk of harm to the transformer or other property.

17.  ABB negligently and carelessly manufactured the circuit breaker and/or assembled the circuit breaker in a manner that caused the circuit breaker to fail, thereby causing a failure in the transformer.

18.  ABB negligently and carelessly breached the aforementioned duties, thereby proximately and directly causing the transformer failure and damage to other property.

19.  As a direct and proximate result of ABB's negligence, Plaintiffs suffered significant losses and damages in an amount exceeding $25,000.

## COUNT TWO – PRODUCTS LIABILITY

20. Plaintiffs reallege and incorporate by reference, as if fully rewritten herein, their allegations contained in Paragraphs 1 – 19 above.

21. ABB owed Plaintiffs a duty to design, formulate, produce, create, construct, assemble, build, or rebuild a circuit breaker that was not defective in design or formulation.

22. ABB owed Plaintiffs a duty to design, formulate, produce, create, construct, assemble, build, or rebuild a circuit breaker in a manner such that the risks of harm associated with the design or formulation of the circuit breaker did not exceed the benefits associated with the design or formulation.

23. The circuit breaker was not changed, altered, or modified in any manner after it left ABB's control.

24. The circuit breaker was defectively designed, formulated, produced, created, constructed, assembled, built, or re-built when it left ABB's control.

25. The defect in the circuit breaker caused a failure in the transformer and damages to other property.

26. ABB breached the aforementioned duties owed to Plaintiffs by designing, formulating, producing, creating, constructing, assembling, building, or rebuilding a circuit breaker that was defective in design or formulation.

209745

5

27. ABB breached the aforementioned duties owed to Plaintiffs by designing, formulating, producing, creating, constructing, assembling, building, or rebuilding a circuit breaker in a manner such that the risks of harm associated with the design or formulation of the circuit breaker exceeded the benefits associated with the design or formulation.

28. As a direct and proximate result of ABB's breach of the aforementioned duties, Plaintiffs suffered significant losses and damages in an amount exceeding $25,000.

## COUNT THREE – BREACH OF CONTRACT

29. Plaintiffs reallege and incorporate by reference, as if fully rewritten herein, their allegations contained in Paragraphs 1 – 28 above.

30. Plaintiffs entered into a contract or purchase order with ABB for the circuit breaker. Pursuant to the contract or purchase order, ABB agreed to provide a circuit breaker that was safe and fit for its ordinary, intended, and represented use. ABB further agreed to provide a circuit breaker that would not create a dangerous condition or increase the risk of harm to the transformer or other property.

31. Plaintiffs performed all of their obligations under the contract or purchase order.

32. ABB breached the contract or purchase order by providing a circuit breaker that was not safe or fit for its ordinary, intended, and represented use and/or by providing a circuit breaker that created a dangerous condition or increased the risk of harm to the transformer or other property.

33. As a direct and proximate result of ABB's breach of the aforementioned contract or purchase order, Plaintiffs suffered significant losses and damages in an amount exceeding $25,000.

## COUNT FOUR – BREACH OF WARRANTY

34. Plaintiffs reallege and incorporate by reference, as if fully rewritten herein, their allegations contained in Paragraphs 1 – 33 above.

35. Plaintiffs entered into a contract or purchase order with ABB for the circuit breaker. Pursuant to the contract or purchase order, ABB agreed to provide a circuit breaker that would not create a dangerous condition or increase the risk of harm to the transformer or other property. Further, ABB agreed to provide a circuit breaker that was safe and fit for its ordinary, intended, and represented use.

36. ABB made express and implied warranties to Plaintiffs regarding ABB's ability to manufacture the circuit breaker and/or assemble the circuit breaker in a manner that prevented harm to the transformer or other property.

37. ABB made express and implied warranties to Plaintiffs regarding ABB's ability to manufacture, assemble, distribute, or sell a circuit breaker that was safe and fit for its ordinary, intended, and represented use.

38. ABB's representations, warranties, and guarantees were the basis of the bargain and Plaintiffs materially and justifiably relied upon them.

39. ABB breached the aforementioned express and implied warranties to Plaintiffs, thereby directly and proximately causing a failure in the transformer and damage to other property.

40. As a direct and proximate result of ABB's breach of the aforementioned express and implied warranties, Plaintiffs suffered significant losses and damages in an amount exceeding $25,000.

**WHEREFORE**, Plaintiffs Duke Energy Ohio, Inc. and Cinergy Risk Solutions, LTD respectfully demand judgment against ABB for the total amount of Plaintiffs' damages, interest, legal fees and expenses, and such other relief as the Court deems proper.

Respectfully submitted,

*Amy B. Spiller /jkc*

Amy B. Spiller (0047277)
Attorney for Plaintiffs,
Duke Energy Ohio, Inc. and
Cinergy Risk Solutions, LTD
139 E. Fourth Street, 25 Atrium II
P.O. Box 960
Cincinnati, Ohio 45201-0960
(513) 287-2094 (phone)
(513) 287-3612 (fax)
E-mail: amy.spiller@duke-energy.com

### INSTRUCTIONS TO THE CLERK

Please serve the Complaint on Defendant, by certified U.S. mail at the address listed below:

Statutory Agent:
C T CORPORATION SYSTEM
One Corporate Center, Floor 11
Hartford, CT 06103-3220

If certified mail is unsuccessful, please deliver via ordinary mail to the address listed in the caption of the Complaint.

*Amy B. Spiller /jkc*

Amy B. Spiller